UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| JERRY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV607-080 |
| | ) | |
| EMANUEL COUNTY DETENTION CENTER, | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983, doc. 1, and requested permission to proceed without prepayment of a filing fee, doc. 2. As plaintiff is indigent, his application to proceed *in forma pauperis* (IFP) is granted. But for the reasons that follow, plaintiff's complaint must be dismissed *sua sponte* for failure to state a claim for relief.

The Court has carefully examined plaintiff's complaint in an attempt to discern a valid cause of action, but the search has been without success. The right to proceed IFP in litigation in the federal

district courts is provided for by statute. See 28 U.S.C. § 1915. Litigants are not entitled as of right to proceed without the prepayment of a filing fee. IFP status, rather, is a privilege which may be denied when abused. The statute therefore authorizes courts to dismiss cases if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). The power to *sua sponte* dismiss IFP cases "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Plaintiff appears to allege that while he was detained at the Emanuel County Detention Center he was misdiagnosed by Nurse Prior of the jail medical staff. Doc. 1 at 3-4. He states that he had a hernia and a fungus in his private area that were "not taken care of" until his release from custody and claims that Nurse Prior "was wrong" in her medical

assessment. Id. at 3. Aside from mentioning this "mistake . . . in [his] health," he does not provide any information that could lead the Court to the conclusion that Nurse Prior was deliberately indifferent to any serious medical need, as required by Estelle v. Gamble, 429 U.S. 97, 106 (1976), to establish a violation of his constitutional right to necessary medical care. Without some indication that the nurse knowingly disregarded an excessive risk to plaintiff's health, her alleged misdiagnosis sounds in simple negligence, which is not actionable under § 1983. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Accordingly, the claim should be **DISMISSED**.

Plaintiff's complaint is also fatally flawed for failing to name a proper defendant. He only names the Emanuel County Detention Center. Doc. 1 at 1. A jail is not a proper legal entity subject to suit. Miller v. Benton County Jail, 2006 WL 2711482, at *1 (W.D. Ark. Sept. 11, 2006) (county jail not a legal entity subject to suit); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a person or

legal entity subject to suit); Agnew v. St. Joseph County Jail, 1996 WL 534928, at *1 (N.D. Ind. Aug. 14, 1996); see Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); Lesikar v. Med. Staff, 2002 WL 441404, at *4 (N.D. Tex. Mar. 19, 2002) (§ 1983 plaintiff may not sue detention center or sheriff's department, which lack a distinct legal existence).

For all of the above reasons, plaintiff's complaint should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 7th day of December 2007.

*/s/ signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA